TUILEATA MU MANUMALEUGA, Plaintiff

v.

AMITUANA'I N. IOSEFA, TUIOLEMOTU
FA'AOPEGA, MISILAGI TI'A, and
TAUAMO FE'A, Defendants

TUIOLEMOTU FA'AOPEGA, Plaintiff

v.

MU TUILEATA, MISILAGI TI'A, and
TAUAMO FE'A, Defendants

LUPELELE LETULIGASENOA, Intervenor

High Court of American Samoa
Land and Titles Division

LT No. 48-84
LT No. 27-86

May 22, 1987

Before REES, Chief Justice, and TAUANU'U, Chief
Associate Judge.

Counsel: For Plaintiff Tuileata, Albert Mailo
         For Defendant Tuiolemotu, Aitofele
              Sagapolutele
         For Defendant Amituana'i, Aviata Fa'alevao

For Defendant Ti'a, Charles Ala'ilima
For Defendant Fe'a, Tuia Tuana'itau
For Intervenor, Meauta Mageo

Olovalu is a tract of land in Malaeloa. For at least eighty years the title to it has been theoretically unresolved, although in fact several families have lived together more or less peacefully.. In 1907 the ancestors of most of the present parties joined in an action to assert the claims of their families to the land called Olovalu. <u>Amituanai et al. v. Uo</u>, #18-1907. The defendant in the 1907 case, Uo Sopo'aga, was apparently a famous land-grabber from Leone who had registered Olovalu at the territorial registrar's office along with substantial parts of neighboring Pava'ia'i, Futiga, and Ili'ili. When the case was finally heard in 1911, Chief Justice Dwyer gave judgment for the plaintiffs and advised them "to distribute the land amongst themselves." This they may have done, but there is no record that they told the court or the territorial registrar about it.

The absence of official boundaries did not matter until the early 1980s when plaintiff Tuileata returned from a long period overseas, claimed the Tuileata title which had been vacant for about thirty years, surveyed nearly the whole of Olovalu along with parts of adjoining tracts, and registered it all as Tuileata land. This registration caused a chain reaction resulting in the assertion by almost everyone in the neighborhood of a boundary dispute with almost everyone else.

The Tuileata survey is almost as ambitious as the one made in 1906 by the hapless Uo. It encroaches on land that has long been occupied by everyone else, and has had the effect of uniting the other families in a desire to rid the neighborhood of Tuileata.

From the testimony at trial and from the maps and surveys presented by the parties, we conclude as follows:

1) The boundaries of Olovalu are defined by the Amituana'i and Tuiolemotu surveys, with the exception of a small portion in the southeast corner (in and around the cinder pit) that is claimed by Amituana'i, Tuiolemotu, Tuileata, Ti'a, and Ms. Letuligasenoa. Since Amituana'i,

Tuiolemotu, and Ti'a have asked the court to let them reach an agreement regarding the boundaries of this land, and since Letuligasenoa's pleadings and testimony amount only to a general plea not to let anyone take her land, we express no opinion on the overlapping parts of these parties' claims.

2) We also make no finding with regard to ownership of the area covered by the "Tuia'ana survey." It is clear that this was once owned by Tuia'ana, who also held the title Letuli. It is not clear from the evidence before us whether it was Letuli family property or the individual property of Tuia'ana. Ti'a originally came on the land as a guest or relative of Tuia'ana, and would seem to have no claim to it at all except by adverse possession. The evidence he submitted--- that he alone received the economic proceeds of the property, although close relatives of the late Tuia'ana continue to live on it and although at some times in the past he acquiesced in references to it as Tuia'ana land "out of respect for Tuia'ana" --- would not be enough to establish adverse possession if the issue were before us. See Sialega v. Taito, LT # 18-85 (opinion rendered July 22, 1986). Since the Letuli family is not a party to this litigation, however, and since Lupelele Letuligasenoa appeared only to prevent Ti'a or anyone else from securing title to what she regards as her land, we reach no decision on this question.

3) With the exception mentioned above, the Amituana'i family owns the land included in its survey.

4) With the same exception, the Tuiolemotu family owns all the land that is included in its survey and not by the Fe'a survey.

5) The only part of Olovalu established by a preponderance of the evidence to belong to the Tuileata family is that occupied by the plantations of Fe'a. At trial Fe'a claimed that this was his individual land, inherited from his father who first cleared it from virgin bush along with other young men from Ili'ili. The evidence establishes, however, that the land owned by people from Ili'ili (including the Letuli or Tuia'ana land) is to the south and southeast of Olovalu, whereas the survey of Fe'a encompasses land entirely within the boundaries of Olovalu (as surveyed in 1906 and as resurveyed recently). We also take judicial notice of the proceedings in Tuileata v. Talivaa, #

170

2-1956, in which it is made reasonably clear that Fe'a's father was occupying Tuileata family land on account of his marriage to a daughter of Tuileata (the mother of the present Fe'a).

We therefore hold that the land within Fe'a's survey that is also within the Tuiolemotu survey is communal land of the Tuileata family. It has, however, long been assigned to the use of Fe'a and his immediate family, who could not be deprived of it without the extensive consultation and just compensation that are an essential part of the relationship between a sa'o and the members of his family. See Talili v. Satele, LT # 18-86 (decision rendered February 20, 1987), and cases cited therein.

We express no opinion on who owns the western portion of the land surveyed by Fe'a, beyond the boundary of the Tuiolemotu survey.

With the exceptions noted above, the Amituana'i and Tuiolemotu families may register their surveys and the Tuileata family may register the Fe'a survey.

It is so ordered.